**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **MISCELLANEOUS CASE** |
| | : | |
| | : | |
| **$10,751.18 in UNITED STATES CURRENCY** | : | **NO.** |
| **SEIZED ON MARCH 13, 2020** | : | |

**O R D E R**

AND NOW, this _____ day of _____, 2020, upon consideration of the government's motion under 18 U.S.C. § 983(a)(3) to extend for 30 days the period of time to obtain an indictment or file a complaint seeking forfeiture of the above-listed property, this Court agrees with and adopts the findings of the Chief Judge regarding the impact of the COVID-19 crisis on this case, for good cause shown, and upon agreement of the parties, the motion is GRANTED.  The time period within which the government must obtain an indictment or file a complaint in this matter with regard to the claim filed by Silca Hernandez-Fernandini is extended to October 2, 2020.

_____
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN THE MATTER OF: | : | MISCELLANEOUS CASE |
| | : | |
| | : | |
| $10,751.18 in UNITED STATES CURRENCY | : | NO. |
| SEIZED ON MARCH 13, 2020 | : | |

**MOTION OF UNITED STATES OF AMERICA
FOR EXTENSION OF TIME TO OBTAIN INDICTMENT
OR FILE FORFEITURE COMPLAINT**

The United States of America, by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Sarah L. Grieb, Assistant United States Attorney, Chief, Asset Forfeiture and Financial Litigation Unit, pursuant to 18 U.S.C. § 983(a)(3), requests this Court to extend the period of time in which the government may obtain an indictment or file a civil complaint seeking forfeiture of the above-listed property for 30 days. In support of the motion, the government avers as follows:

1. On March 9, 2020, members of the Drug Enforcement Administration ("DEA") Allentown Resident Office ("ARO") were contacted by United States Customs and Border Protection ("CBP") in reference to a DHL package intercepted at John. F. Kennedy Airport in New York. This parcel was shipped from China to Alex E. Ocasio, Sr., on Wild Mint Lane, Allentown, Pennsylvania, 18104. Ocasio resides at this residence with Silca Hernandez-Fernandini and his two children. A search of the parcel revealed two metal die stamps marked "Endo 602", which is consistent with the marking on "Endocet" (generic acetaminophen/oxycodone).

On March 13, 2020, members of the ARO completed the controlled delivery of the package to the aforementioned address. Ocasio Sr. retrieved the package and took it into the

garage of the residence.  Agents / Officers of the ARO, CBP, and patrol units from the Upper Macungie Police Department executed a search warrant at the residence.  During the search, Agents / Officers found $10,751.18 in United States currency ("USC") in bank envelopes in a lock box and in a small box, both located in the master bedroom which was occupied by Ocasio Sr. and Hernandez-Fernandini.

2. On or about May 12, 2020, as required by law, DEA sent direct written notices to Silca Hernandez-Fernandini, Alex Ocasio, Sr., and Alex Ocasio, Jr., regarding the agency's intention to forfeit the $10,751.18 in USC.

3. On June 4, 2020, Silca Hernandez-Fernandini, through counsel, filed a claim with DEA seeking the return of the $10,751.18 in USC.  No other claims were received by DEA for the seized currency.

4. The Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983, *et seq*. provides that, within 90 days after a claim for the return of property is filed, the government must obtain an indictment listing the seized property as being subject to forfeiture and take other steps necessary to preserve the seized property, file a civil complaint for forfeiture of the seized property, or obtain a court order extending the time period for good cause shown or upon agreement of the parties, as provided under federal law.  *See* 18 U.S.C. § 983(a)(3)(A) and (B). Also, if the government does not obtain an indictment listing the seized property as being subject to forfeiture, file a civil forfeiture complaint, or obtain an extension of time, the government must release the property and not take any further civil forfeiture action against the property.  *See* 18 U.S.C. § 983(a)(3)(B).

5. The government is therefore required to obtain an indictment listing the $10,751.18 in USC as being subject to forfeiture, file a civil complaint for forfeiture, or obtain an

extension of time in this case, on or before September 2, 2020, with respect to Silca Hernandez-Fernandini's claim for the $10,751.18 in USC.

6. By this motion, the government, pursuant to 18 U.S.C. § 983(a)(3)(A), requests an extension of time of thirty (30) days from the filing deadline, to obtain an indictment listing the $10,751.18 in USC as being subject to forfeiture or file a civil complaint for forfeiture in this matter. With respect to the claim of Silca Hernandez-Fernandini for the $10,751.18 in USC, the government requests an extension of time to October 2, 2020, to obtain an indictment or file a complaint. The government submits that good cause exists to grant relief in this instance and that the parties have agreed to the extension of time.

7. On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania were continued pending further Court order. The Chief Judge described actions of public health authorities to limit the spread of the virus, and further described the impact of COVID-19 on the availability of jurors.

8. On March 18, 2020, the Chief Judge entered a supplemental Standing Order, stating in part:

> Developments during the short time since the March 13, 2020, Standing Order was issued reinforce the Court's finding, with regard to criminal jury trials, that the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. On March 15, 2020, the Centers for Disease Control and Prevention issued interim guidance recommending the cancelation of gatherings of more than 10 people for organizations that serve higher-risk populations. The following day, the President of the United States issued guidance recommending that people not gather in groups of more than 10 people for the ensuing 15 days. These developments further impede the Court's ability to proceed with jury selection and jury trials at this time. In addition, the

>Bureau of Prisons' suspension of most legal visitation for a 30-day period beginning March 13, 2020, will limit defense counsel's ability to effectively prepare for trial.
>
>Because the developments regarding COVID-19 in this district outlined above and in the March 13, 2020, Standing Order also adversely affect the Court's ability to maintain the continued operation of grand juries, it is ORDERED the deadlines for filing an indictment or information set forth in 18 U.S.C. § 3161(b) and (d)(1) are CONTINUED in every matter in this district. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. The time period of any continuance entered as a result of this Standing Order shall therefore be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

9. On April 10, 2020, the Chief Judge issued an additional Standing Order extending the suspension of grand jury meetings through May 31, 2020. In explaining his Order, the Chief Judge described the worsening conditions caused by the COVID-19 outbreak since the entry of the earlier standing orders, the additional restrictions imposed by public health officials in response to those conditions, and the unavoidable impact of those circumstances on the ability to conduct grand jury proceedings. The Chief Judge also found that due to the unavailability of a grand jury in this district during this period, the deadlines for filing an indictment or information under 18 U.S.C. § 3161(b) and (d)(1), which were previously continued in the March 18 Standing Order, shall remain continued through May 31, 2020.

10. On April 30, 2020, the Chief Judge issued an additional Standing Order extending the 90-day deadline established at 18 U.S.C. § 983(a)(3)(A) for the filing of a civil forfeiture complaint or inclusion of an asset in a criminal indictment, in which the Eastern District of Pennsylvania has venue, following a federal agency's receipt of a timely administrative claim between January 21, 2020, and April 30, 2020, to 150 days instead of the statutory 90-day period.  The Chief Judge found that, in light of the COVID-19 pandemic, compliance with the

statutory deadlines under 18 U.S.C. § 983, is likely to endanger the life or physical safety of the government employees and contractors responsible for carrying out the duties of the agencies' administrative forfeiture programs, justifying the 60-day extension of the deadline pursuant to 18 U.S.C. § 983(a)(3)(A).

11. On May 29, 2020, the Chief Judge issued an additional Standing Order extending the suspension of grand jury meetings through June 30, 2020. In explaining his Order, the Chief Judge described the significant threat that COVID-19 continues to pose, the stay-at-home orders in the district that remain in place, and the continuing guidance from the Centers for Disease Control that individuals stay home as much as possible, refrain from gathering in groups, avoid using public transportation, ridesharing, or taxis, refrain from non-essential travel, and maintain at least six feet of physical distance from others outside the home. The Chief Judge explained that these circumstances continue to significantly impact court operations in this district, including the ability to proceed with grand jury meetings and jury trials. The Chief Judge concluded:

> The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. Because of the temporary unavailability of a grand jury in this district due to ongoing COVID-19 public health emergency, it is unreasonable to expect return and filing of an indictment within the period specified under § 3161(b). *See* 18 U.S.C. § 3161(h)(7)(B)(iii). In computing the time within which an indictment or information must be filed under 18 U.S.C. § 3161(b) or (d)(1), the additional period of time from May 31, 2020, through June 30, 2020, shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in all cases in this district. This period of exclusion is in addition to the period of exclusion previously granted for the time period from March 18, 2020, through May 31, 2020. The Court may extend the period of exclusion as circumstances warrant. Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

12. On June 30, 2020, the Chief Judge issued an additional Standing Order. The Court recognized that grand juries had not met in the district since March 17, 2020. The Court found that:

> Because grand juries continue to be unavailable in this district at this time due to the current public health situation, the deadlines for filing an indictment or information under 18 U.S.C. § 3161(b) and (d)(1), which were previously continued in the Standing Orders issued on March 18, April 10, and May 29, shall remain continued through the earlier of July 31, 2020, or the date the requisite quorum of grand jurors is obtained to consider the particular matter. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. In light of the temporary unavailability of a grand jury in this district due to the ongoing COVID-19 public health emergency, it is unreasonable to expect return and filing of an indictment within the period specified under § 3161(b). *See* 18 U.S.C. § 3161(h)(7)(B)(iii).

13. On July, 31, 2020, the Chief Judge issued an additional Standing Order. The Court recognized that the meetings of impaneled grand juries in this district were suspended from March 18, 2020, through June 30, 2020, and since that time, despite extraordinary efforts by Court staff and the U.S. Attorney's Office, the Court has been able to obtain a quorum of grand jurors for only a limited number of sessions. The Court found that because the COVID-19 pandemic continues to adversely impact the Court's ability to convene meetings of impaneled grand juries and grand juries continue to be unavailable in most instances in this district, the deadlines for filing an indictment or information under 18 U.S.C. § 3161(b) and (d)(1), shall remain continued through the earlier of August 31, 2020, or the date the requisite quorum of grand jurors is obtained to consider the particular case.

14. On August 31, 2020, the Chief Judge issued an additional Standing Order. The Court ordered that grand jury selections may resume in September 2020, if conditions allow and with appropriate health and safety precautions in place.

15. As the Chief Judge found, the crisis presented by COVID-19 affects the orderly operation of the criminal justice system. Restrictions on public movement impede the ability of law enforcement officials to gather evidence, meet with witnesses, and present evidence to a grand jury, and, as the Chief Judge stated, limit the ability of defense counsel to meet with clients and otherwise prepare a defense.

16. The government estimates that it requires the continuance requested here in order to complete its investigation. As part of its investigation, the government is reviewing the records submitted by the claimant and in discussions with counsel for Silca Hernandez-Fernandini regarding the claim filed.

17. The government has contacted counsel for Silca Hernandez-Fernandini, who has agreed to a thirty (30) day extension of time for the government to file a civil forfeiture complaint and/or list the seized currency as being subject to forfeiture in a criminal indictment. The extension of time will enable the government to more fully consider the claim seeking the return of the seized currency. Under the circumstances, the requested extension of time is appropriate and will not unduly prejudice the claimant.

18. Accordingly, by this motion, the government requests an extension of time of thirty (30) days, that is, until October 2, 2020, to file a civil complaint for forfeiture of the seized currency and/or to obtain an indictment alleging forfeiture in this matter.

19. This is the first request for an extension of time made by the government in this matter. The government submits that this request for extension of time is made in good faith and is not intended to unduly delay these proceedings.

WHEREFORE, based on the foregoing, the government requests that this Court grant the motion.

>Respectfully submitted,
>
>WILLIAM M. McSWAIN
>United States Attorney
>
>
>*/s Sarah L. Grieb*
>SARAH L. GRIEB
>Assistant United States Attorney
>Chief, Asset Recovery and Financial Litigation

Date: September 2, 2020

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the MOTION OF UNITED STATES OF AMERICA FOR EXTENSION OF TIME TO OBTAIN INDICTMENT OR FILE FORFEITURE COMPLAINT was served by email:

James A. Katz, Esquire
527 Hamilton Street
Allentown, PA 18101

*/s Sarah L. Grieb*
SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Forfeiture and Financial Litigation

Date: September 2, 2020